IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:23CV832-MR
(No. 2:15CR96 (E.D. Pa.))


MARC HUBBARD,                           )
                                        )
                  Petitioner,           )
                                        )
     vs.                                )
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                  Respondent.           )
_____ )


## UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S 28 U.S.C. § 2241 PETITION

Marc Hubbard has filed a petition for writ of habeas corpus asking the Court to apply additional earned-time credits to his sentence so that he may begin serving his term of supervised release immediately. The United States respectfully requests that this Court dismiss or deny the motion because Hubbard has already been released to home confinement, and the Federal Bureau of Prisons (BOP) has applied the maximum allowable term of earned-time credit to advance the date on which Hubbard may begin serving his term of supervised release. Hubbard is not entitled to an additional reduction under the First Step Act.

## BACKGROUND AND PROCEDURAL HISTORY

Hubbard falsely advertised himself and his business as a successful concert promotion business. *United States v. Hubbard*, 721 F. App'x 102, 103 (3rd Cir.

2018).  He promised investors returns of 25 to 30 percent on short-term investments in the business and showed them fraudulent financial documents to support his claims.  *Id.*  He also falsely assured investors that their money would be secured by a $10 million surety bond.  *Id.*  Hubbard defrauded investors of over $2.1 million. *Id.*

A grand jury in the Eastern District of Pennsylvania indicted Hubbard, charging him with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, and seven counts of wire fraud, 18 U.S.C. §§ 1343, 2.  *Id.*  Hubbard pleaded guilty to all counts without a plea agreement.  *Id.*  The district court sentenced Hubbard to 78 months in prison and three years of supervised release.  Judgment, *United States v. Hubbard*, No. 2:15CR96 (E.D. Pa. Oct. 25, 2016), ECF No. 86.  Hubbard appealed, and the Third Circuit affirmed his conviction and sentence.[1]  *Hubbard*, 102 F. App'x at 109.

Hubbard filed a motion to vacate and a motion for compassionate release. *Hubbard*, No. 2:15CR96 (E.D. Pa.), ECF Nos. 117, 129.  The district court denied both motions.  *Id.*, ECF Nos. 132, 133.

Hubbard filed his present petition for a writ of habeas corpus in December 2023.  Civ. Doc. No. 1 (Hab. Pet.).  Hubbard states that he was released to home confinement in the Western District of North Carolina under the CARES Act in

---

[1] Hubbard also pleaded guilty to wire fraud in the District of Hawaii.  Judgment, *United States v. Hubbard*, No. 1:12CR01133 (D. HI. Apr. 9, 2018), ECF No. 299. The district court there sentenced him to 57 months in prison to be served consecutively to any undischarged term of imprisonment.  *Id.*

2

November 2021.  Civ. Doc. No. 1-1, at 3–4; *see id.* at 15.  He requests immediate release from home confinement to serve his term of supervised release.  Hab. Pet. 6. Hubbard alleges that he has exhausted his administrative remedies.  *Id.* at 3; *see also* Civ. Doc. No. 1-1.  He attaches his administrative remedy requests and the BOP's decision denying his Central Office Administrative Remedy Appeal.  Civ. Doc. No. 1-1, at 1–15.  The BOP states that Hubbard earned 365 days of earned-time credit that could be applied toward early release and 430 days that could be applied toward community placement.  *Id.* at 15.  Because Hubbard was already on home confinement and the BOP had credited him with 365 days toward his transfer to supervised release, the BOP explains that he has "already received the maximum benefit of FTC [First Step Act time credits] towards early release to supervised release."  *Id.* (citing Program Statement 5410.01 CN-2).

## ARGUMENT

**The Court should dismiss or deny Hubbard's petition because he is not entitled to begin his term of supervised release more than a year early under the First Step Act.**

It is the province of the Attorney General, acting through the BOP, to administer an inmate's sentence.  *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992).  This includes the determination of where an inmate serves his sentence as well as time credit.  *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335. "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Such challenges must be brought in a petition for habeas corpus

relief under 28 U.S.C. § 2241 in a prisoner's district of confinement. *Id.*; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted). Additionally, prisoners are required to exhaust administrative remedies prior to seeking review of time-credit calculations in court. *See United States v. Pratt*, 821 F. App'x 200, 202 (4th Cir. 2020); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also* 28 C.F.R. §§ 542.10–.19 (Administrative Remedy Program). Because Hubbard is challenging the execution of his sentence, he is in custody in the Western District of North Carolina, and he has exhausted his administrative remedies, his § 2241 petition is properly before this Court.

The Court should dismiss or deny Hubbard's petition, however, because he is not entitled to relief. Congress enacted the First Step Act "with the purpose of modifying prior sentencing law and expanding vocational training, early-release programs, and other initiatives designed to reduce recidivism." *United States v. Venable*, 943 F.3d 187, 188 (4th 2019). Pursuant to the First Step Act, the Attorney General has created a system of incentives and rewards, such as additional phone and visitation privileges and transfer to an institution closer to a release residence, for prisoners participating in and completing "evidence-based recidivism reduction programs" and other "productive activities." *See* 18 U.S.C. § 3632(d); BOP Program Statement 5220.01 (July 14, 2021) (last accessed on June 18, 2024, at: https://www.bop.gov/policy/progstat/5220.01.pdf). The incentives include time credits for eligible prisoners who successfully participate in these programs. 18

U.S.C. § 3632(d)(4)(A); 28 C.F.R. § 523.40. Time credits earned through the programs may apply "toward time in prerelease custody or supervised release," but may not be applied until the time credits earned equal the remainder of the prisoner's term of imprisonment and the inmate has demonstrated a reduced risk of recidivism or maintained a minimum or low risk of recidivism. 18 U.S.C. §§ 3632(d)(4)(C), 3624(g); 28 C.F.R. § 523.44. The First Step Act granted the BOP the discretion to determine whether to place an inmate in prerelease custody, such as home confinement, or to grant an inmate early release to his supervised release term pursuant to these time credits. *See* 18 U.S.C. § 3624(g)(2)(A), (g)(3); *Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730 (11th Cir. May 7, 2024) (unpublished); *Roberts v. Cox*, No. 4:20CV04187, 2022 WL 742489, at *2 (S.D. Mar. 11, 2022) (unpublished). A prisoner may not be released to supervised release more than 12 months early based on time credits. 18 U.S.C. § 3624(g)(3); *see* 28 C.F.R. § 523.44(d)(3); BOP Program Statement 5410.01 CN-2, at 13–17 (Mar. 10, 2023) (last accessed on June 18, 2024, at: [https://www.bop.gov/policy/progstat/5410.01_cn2.pdf](https://www.bop.gov/policy/progstat/5410.01_cn2.pdf)) (explaining the BOP may apply time credits toward early transfer to supervised release only when "[t]he application of FSA Time Credits would result in transfer to supervised release no earlier than 12 months before the date that transfer to supervised release would otherwise have occurred"); *Guerriero*, 2024 WL 2017730, at *1.

Hubbard concedes that the BOP has applied 365 days of earned-time credits to his sentence to allow for his release on June 2, 2025, rather than June 2, 2026.

Hab. Pet. 4; *see* Gov. Exh. 1 (showing projected release date of June 1, 2025 under the First Step Act). His contention that his "unused FSA credits [should] be credited toward his early placement in supervised release," Hab. Pet. 6, is without merit. "The [First Step Act's] plain language does not entitle him to claim more than [12 months]." *Guerriero¸* 2024 WL 2017730, at *2. Because Hubbard is already on home confinement and the BOP has credited him with the maximum amount of time allowed by federal statute toward early release, 12 months, he is not eligible for the relief he seeks.[2] Accordingly, the Court should dismiss or deny his habeas petition.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss or deny Hubbard's petition.

RESPECTFULLY SUBMITTED this 20th day of June, 2024.

<div style="margin-left:auto">

DENA J. KING
UNITED STATES ATTORNEY

s/Elizabeth M. Greenough
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:    704-344-6222
Fax:               704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

</div>

---

[2] As Hubbard recognizes, the First Step Act does not grant the BOP authority to shorten a prisoner's term of supervised release. *See* Hab. Pet. 5–6; *see, e.g., Goggans v. Jamison*, 2023 WL 7389136, at *2 (S.D.N.Y. Oct. 13. 2023).

**CERTIFICATE OF SERVICE**

I certify that I caused to be served on the next business day a copy of the above response upon the Petitioner by U.S. Mail at the following address:

Marc Hubbard
2010 St. Paul St.
Charlotte, NC 28216

This 20th day of June, 2024.


<u>s/Elizabeth M. Greenough</u>
Assistant United States Attorney
USAO Charlotte, NC

7