IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:23CV832-MR
(No. 2:15CR96 (E.D. Pa.))

MARC HUBBARD,	)
	)
	Petitioner,	)
	)
vs.	)
	)
UNITED STATES OF AMERICA,	)
	)
	Respondent.	)
	)

## UNITED STATES' RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR SUMMARY JUDGMENT

Marc Hubbard has moved for summary judgment arguing that he is entitled to relief under 28 U.S.C. § 2241. He contends that 18 U.S.C. § 3632(d)(4)(C)[1] is unconstitutionally vague as applied to him and that he is a member of a protected class due to his release to home confinement under the CARES Act. He asks the Court to declare the 12-month limitation on early release to supervised release in 18 U.S.C. § 3264(g)(3) unconstitutional and to grant him immediate release from home confinement. The Court should deny Hubbard's motion for summary judgment. As set forth in the United States' response to Hubbard's § 2241 petition, he is not entitled to immediate release from his term of imprisonment nor is he entitled to

---

[1] Although Hubbard cites to section 3632(d)(4)(A), he quotes the language in subsection (C). Doc. No. 6, at 4 (MSJ).

shorten his term of supervised release. And Hubbard's contention that the First Step Act is unconstitutional as applied is without merit.

## BACKGROUND AND PROCEDURAL HISTORY

Hubbard pleaded guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, and seven counts of wire fraud, 18 U.S.C. §§ 1343, 2, relating to his defrauding investors of over $2 million. *United States v. Hubbard*, 721 F. App'x 102, 103 (3rd Cir. 2018). A district court in Pennsylvania sentenced Hubbard to 78 months in prison and three years of supervised release. Judgment, *United States v. Hubbard*, No. 2:15CR96 (E.D. Pa. Oct. 25, 2016), ECF No. 86. In November 2021, Hubbard was released to home confinement in the Western District of North Carolina under the CARES Act, 18 U.S.C. § 3624(c)(2). Civ. Doc. No. 1-1, at 3–4; *see id.* at 15.

Hubbard filed a petition for writ of habeas corpus asking the Court to apply additional earned-time credits under the First Step Act (FSA credits) to his sentence so that he may begin serving his term of supervised release immediately. Civ. Doc. No. 1. The United States responded that Hubbard is not entitled to an additional reduction under the First Step Act because he has already been released to home confinement and the Federal Bureau of Prisons (BOP) has applied the maximum 12-months of FSA credits to advance the date on which Hubbard may begin serving his term of supervised release. Civ. Doc. No. 5. Because Hubbard has more than 12 months of FSA credits, he contends that any failure to "apply" them to his sentence is unconstitutional. Civ. Doc. No. 6, at 4.

2

# ARGUMENT

**The Court should deny Hubbard's motion because he is not entitled to judgment as a matter of law.**

*A. Summary Judgment*

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must draw all reasonable inferences in favor of the nonmoving party. *Rodriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017).

*B. Hubbard's constitutional claim is without merit because he does not have a protected liberty interest in FSA credits.*

Hubbard cannot show that he is entitled to summary judgment as a matter of law because he does not have a protected liberty interest in the application of his FSA credits. "The Fifth Amendment protects persons from deprivations of 'life, liberty or property without due process of law.'" *Rodriguez*, 715 F. App'x at 266. A prisoner may obtain relief under section 2241 if he can establish that his "due process rights were violated and the violation was prejudicial." *Id.* Prisoners, however, "have only 'a narrow range of protected liberty interests.'" *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Prisoners do not have a protected liberty interest in their location or level of confinement. *See Sandin v. Connor*, 515 U.S. 472, 484 (1995); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589, 2022 WL 341200, at *2 (D. N.J. Feb. 4, 2022).

"When a statute confers discretion on government action, no liberty interest is created." *Mars v. Heisner*, No. CV-22-01933, 2023 WL 4977335, at *7 (D. Ariz. June 26, 2023) (R&R). 18 U.S.C. § 3624(g) affords the BOP discretion in determining whether to place a prisoner in prerelease custody or onto supervised release. Section 3632(d)(4)(C) states that FSA time credits "shall be applied toward time in prerelease custody or supervised release" and that the Director of BOP "shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." Section 3624(g) in turn explains the eligibility requirements for prerelease custody and provides that if a prisoner is subject to a term of supervised release, the Director of BOP "*may* transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3632(g) (emphasis added).

Hubbard's claim that section 3632(d)(4) requires that all of his FSA time credits must apply toward his prerelease custody or supervised release is misplaced. The application of FSA credit to "prerelease custody addresses the place of [a prisoner's] detention." *Gant v. King*, No. 23-CV-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023). "And a prisoner has no liberty interest in being assigned to a particular place of confinement." *Id.* Although the application of FSA credits "may effectively move up the date that [an] inmate is eligible to be considered for prerelease custody," application of these credits does "not compel the BOP to allow that inmate to participate in prerelease custody." *Mars*, 2023 WL 4977335, at *6.

4

Rather, the location of an inmate's confinement remains within the BOP's discretion. 18 U.S.C. § 3621(b) (BOP shall designate the place of a prisoner's imprisonment and "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.").

Likewise, the determination whether to transfer a defendant to begin a term of supervised release at an earlier date is within the BOP's discretion. § 3624(g)(3); *see Roberts v. Cox*, No. 4:20CV04187, 2022 WL 742489, at *2 (D. S.C. Mar. 11, 2022). "[A] fear or hope about a future discretionary decision by prison administrators is too speculative to give an inmate a liberty interest." *O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991). And the BOP's exercise of discretion does not extend beyond the 12-month period that it has already determined applies to Hubbard. § 3624(g)(3); *see Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *2 (11th Cir. May 7, 2024). He cites no authority for further reducing his sentence. *See Burton v. King*, No. 5:22-HC-2003-FL (E.D.N.C. Mar. 27, 2023) (holding a prisoner " is not entitled to apply his additional FSA time credits to reduce his term of supervised release because the statute does not allow it").

Because Hubbard has no protected liberty interest in the application of his FSA credits, his due process claim is without merit.[2] *See Casellas v. FCI-Mendota,*

---

[2] Hubbard's suggestion that he is being denied equal protection also fails because he has not shown that he has been deprived of a protected right, that he is a member of suspect class, or that the BOP acted with the intent or purpose to discriminate against him based on a protected class and there is no rational basis for the difference in treatment. *See Khouanmany v. Guitierrez*, No. 5:21CV989, 2021 WL 4394591, at *6 (C.D. Cal. Aug. 2, 2021) (R&R); *Sedlacek v. Rardin*, No. 2:23CV11899, 2024 WL 965607, at *3–4 (E.D. Mich. Mar. 5, 2024) (holding denial of

5

Case 3:23-cv-00832-MR    Document 8    Filed 08/21/24    Page 5 of 8

No. 1:23CV00049-SKO, 2023 WL 4535030, at *2 (E.D. Cal. July 13 ,2023) (holding prisoner failed "to establish a statutory or constitutional right to application of earned time credits"). And he could not show prejudice in any event because he has been serving his sentence on home confinement since prior to the time that the BOP implemented the application of FSA credits, *see White v. Warden, F.C.I. Cumberland*, No. DKC-22-2371, 2023 WL 4867562, at *7 (D. Md. July 31, 2023) (final procedures were codified in January 2022), and the BOP has credited him with the maximum time allowed by statute toward release to begin his term of supervised release.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court deny Hubbard's motion for summary judgment.

RESPECTFULLY SUBMITTED this 21st day of August, 2024.

DENA J. KING
UNITED STATES ATTORNEY

s/Elizabeth M. Greenough
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:  704-344-6222
Fax:        704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

---

FSA credits to prisoner convicted child pornography offense does not violate equal protection); *Roberts*, 2022 WL 742489, at *3.

## **CERTFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 21st day of August, 2024.

s/Elizabeth M. Greenough
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that I caused to be served on the next business day a copy of the above response upon the Petitioner by U.S. Mail at the following address:

Marc Hubbard
2010 St. Paul St.
Charlotte, NC  28216

This 21st day of August, 2024.

                                                        s/Elizabeth M. Greenough
                                                        Assistant United States Attorney
                                                        USAO Charlotte, NC